THEODORE RICH AND ABBY A. RICH, HIS WIFE, RESPONDENTS, *v.* JAMES V. RICH, JULIA V. WILLIS. AND OTHERS, APPELLANTS.

*Liability of one tenant in common, who occupies the premises, for the value of their use — Code of Civil Procedure, sec. 1589.*

One tenant in common, who receives no money or property from the premises owned in common by himself and others, but simply occupies them himself, is not liable to his co-tenants for the value of the use of the property so occupied by him.

Section 1589 of the Code of Civil Procedure, which has provided for the adjustment, in an interlocutory or final judgment in partition, of the rights of one or more of the parties, as against any other party, by reason of the receipt by the latter of more than his or their proper proportion of the rents or profits of the premises in question, does not create any greater liability, as against a party in possession, to account for rents and profits, while he may be only in their actual occupancy, than existed prior to the enactment of that section of the Code.

*Scott* v. *Guernsey* (48 N. Y., 106) not followed.

APPEAL from an order entered in New York county, June 15, 1887, confirming the report of a referee in an action brought in the Supreme Court for the partition of certain land.

*William H. Hamilton,* for the appellants.

*John Henry Hull* for the respondents.

Daniels, J. :

By the order from which the appeal has been taken it was determined by the court that the appellants were liable for the rental value of premises sold under a judgment in partition, and which were occupied by them from May, 1877, until the date of the referee's report in 1887. They rented out portions of the premises from which they collected, through their agent, the sum of $3,302.27, which was all paid out for interest on a mortgage on the premises and taxes, water rents and necessary repairs. The rental value of the whole of the premises, including the portions rented by the appellants and the portions actually occupied by them, amounted to the sum of $8,750. This left a balance, over and above the rents collected and applied in the manner already stated, of $5,447.73. Four-tenths of this balance was charged against the shares of the four occupants and appellants, each being charged against his or her share of the proceeds of the sale of the property the sum of $726.36. They excepted to the charge of these rents against them and the diminution thereby of their respective shares of the proceeds of the property sold under the judgment in the partition.

They, together with other parties to the action, were tenants in common of these premises, and as the law has been generally understood and followed, were not liable to account for the value of so much of the property as was actually occupied by them. At the common law it was clear that no liability to account for such occupancy existed ; but, by a statute passed in England, known as the 4th of Anne (chap. 16), it was provided that an action of account might be brought and maintained by one joint tenant or tenant in common, his executors or administrators, against the other, as bailiff, for receiving more than comes to his just share and proportion, and against the executor and administrator of such joint tenant or tenants in common. But this statute was held not to create any liability to account unless the party proceeded against had actually received rents and profits from the joint property. A mere occupancy by one or more of the tenants in common was not con-

sidered to be sufficient, within the language of this statute, to create a liability. (*Henderson* v. *Eason*, 9 Eng. Law and Eq., 337.) Its enactment was followed by a similar statute in this State, restricting in still clearer terms the liability of the occupant to receiving more than his just proportion of the money obtained from the joint property. (2 R. S. [6th ed.] 1131, § 9.) This section of the statute was made the subject of discussion and examination in *Woolever* v. *Knapp* (18 Barb., 265), when the construction applied to the statute of Anne was followed, and it was held that a tenant in common receiving no money or property from the premises owned in common, but occupying them himself, was not liable to account under the provisions of this statute. This was again sanctioned in *Dresser* v. *Dresser* (40 Barb., 300); *Wilcox* v. *Wilcox* (48 id., 327); *Joslyn* v. *Joslyn* (9 Hun, 388); *Roseboom* v. *Roseboom* (15 id., 309); and it received the approval of the court in *McCabe* v. *McCabe* (18 Hun, 153), and in *Le Barren* v. *Babcock* (46 id., 598). The language of section 1666 of the Code of Civil Procedure, relating to the right of a joint tenant or tenant in common of real property to maintain an action to recover his just proportion from his co-tenant, is no broader than that contained in the Revised Statutes, and in no manner enlarged the right of the tenant who may be out of possession. Neither does section 1589 of the same Code, which has provided for the adjustment in the interlocutory or final judgment in partition, or otherwise, as the case may require, of the rights of one or more of the parties, as against any other party by reason of the receipt by the latter of more than his or their proper proportion of the rents or profits of a share, or part of a share, confer any greater right in the party out of possession, or create any greater liability of the party in possession, to account for the rents or profits of the premises, while he may be only in their actual occupancy. The object of this section has been to provide no more than for equality of partition and the adjustment of the rights of a tenant in common, or joint tenant, to that equality, by charging him with his proper proportion of the rents or profits which he may have received from the joint property. The person to be charged has been made liable for rents received by him, and not for the value of his own occupancy. It has not, either by language or implica-

tion, imposed a liability not previously existing upon the tenant, to pay for his occupancy of the joint property, when that may be all that is made to appear as the foundation of the claim against him.

In the case of *Scott* v. *Guernsey* (48 N. Y., 106) the commission of appeals did charge one of the parties to an action in partition with the rental value of so much of the land as had been occupied by himself. His occupancy commenced during the continuance of a life estate, with the assent of the life tenant, and it was for the value of such occupancy after the decease of the life tenant that he was charged by the judgment affirmed by this decision. Another occupant was in like manner charged with the rental value of the part of the premises occupied by him, but he had agreed to account for such rent on the final settlement of the estate. The case was a complicated one in several respects, and the restricted provision of the Revised Statutes concerning the liability of joint tenants and tenants in common to account, was not considered by the court; neither was either of the authorities which have already been mentioned, and had then been decided, made the subject of the slightest allusion; and the court in its decision may very well, under these circumstances, as the amount was not large which was charged against Thompson, have overlooked these authorities controlling this part of the case. This decision was made in 1871, and while the same subject has frequently been before the court since that time, it has not been regarded as a controlling authority, or one which should be followed in the disposition of controversies of this description. If the statute, or either of the earlier cases defining the liability of a joint tenant, or tenant in common, to account had been considered by the court, and the decision had followed that the occupant of joint property should pay the value of his occupation, then it would clearly be a case which should now be followed; but as no attention was devoted to that statute, or to those authorities, and whenever the question has arisen since this decision the court has continued to follow the earlier cases, the same course should be adopted in the disposition of the present action; and that will require these four items charged against the appellants to be rejected, and their right affirmed to participate in the proceeds of the sale of the property under the judgment, without any reduction whatever on account of their respective occupations of the property partitioned.

It does not appear by the papers presented to the court that the defendants have obtained any such benefit under the judgment directing the distribution of the proceeds of sale as precluded them from bringing this appeal; neither does the fact appear that anything whatever has been paid to, or for either of these parties under that judgment. The order from which the appeal has been taken should be modified by sustaining the exceptions of the defendants to the fourth paragraph of the referee's report, and the amounts charged against them, respectively, for their occupation of the premises should be rejected, and in all other respects the order should be affirmed, without costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order as modified affirmed, without costs; the order to be entered to be settled by Mr. Justice DANIELS.