RICHARD H. SMITH, as Receiver, Respondent, *v.* MARY LAVELLE, Appellant.

(New York Superior Court—General Term, July, 1895.)

A receiver appointed in an action of partition, to which all persons interested were parties, may maintain an action for rent after the co-tenant in possession has recognized the receiver's title by joining in the execution of a lease by him in which she agrees to pay him a stated rental.

APPEAL by defendant from a judgment entered upon a decision of a judge at Special Term.

The opinion below is as follows:

McADAM, J. The defendant is in error in assuming that the question presented is whether one tenant in common can recover from another holding a similar title rent for the use of property so owned while in the exclusive use and enjoy-

ment of the latter. *Rich* v. *Rich,* 50 Hun, 199. The real proposition with which the court must deal is whether a receiver appointed in an action for the partition of the realty, to which suit all persons interested are parties, can maintain an action for rent after the tenant in possession has recognized the receiver's title to the realty by joining in the execution of a lease from him, in which she agrees to pay the receiver a stated rental, and this point must be decided in favor of the receiver. Whatever doubt might have arisen if the lease had not been executed is put at rest by the relation it creates. There was no fraud or imposition, and all the defendant claims is that the receiver assumed to have the right to exact the lease, and she supposed she was bound to execute it. This at most was error of law, which furnishes no defense — *ignorantia juris non excusat.*

Whether the rent might have been fixed, liability determined and the true measure of justice administered in the suit for partition (Code, § 1589; *Rich* v. *Rich, supra*) need not be considered, because the defendant by her act has estopped herself from asserting that the equitable remedy available therein is exclusive.

There must be judgment in favor of the plaintiff for $281, with costs.

*Henry Cooper,* for appellant.

*William H. Deady,* for respondent.

*Per Curiam.* The judgment should be affirmed upon the opinion of the learned judge who tried the issues.

Present: FREEDMAN and GILDERSLEEVE, JJ.
Judgment affirmed, with costs.