SOUTHACK v. CENTRAL TRUST CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. June 21, 1901.)

1. TRIAL—CALENDARS—PARTITION.
    A partition suit, being cognizable in equity, is properly placed on the special-term calendar.

2. SAME—SETTLING ISSUES.
    Under Code Civ. Proc. § 1544, providing that an issue of fact in partition is triable by a jury, and that unless the court directs the issues to be stated as prescribed in section 970 they may be tried on the pleadings; and section 970, authorizing a party entitled to a jury trial to apply, on notice, to the court for an order directing the issues to be stated for trial,—a party to a partition suit, which has been placed on the special-term calendar and noticed for trial, may apply to the court before the cause is reached on the calendar for an order settling the issues, and directing a jury trial at the trial term, or, when the cause comes on for trial at the special term, a motion for a jury trial may be made, and the court may then settle the issues, and send them to the trial term (which is the better practice), or may simply make an order directing that the issues raised by the pleadings be tried at the trial term.

3. SAME—PREFERRED CALENDAR—CLERK'S DUTY.
    When the issues in partition, placed on the special-term calendar and noticed for trial, are sent to the trial term to be tried, under the provisions of Code, §§ 1544, 970, it is the duty of the calendar clerk of the trial term, part 2, to put the cause on the preferred calendar, as provided by court rule 3, regulating the practice of the trial term.

**4. SAME—CERTIFYING VERDICT.**
  Where the issues in a case which has been placed on the special-term calendar and noticed for trial are sent to the trial term, to be tried as provided by Code Civ. Proc. § 970, a verdict rendered on the issues, whether framed by the trial court or by the special term, must be certified by the clerk of the trial term to the special term.

**5. SAME—NOTICE OF TRIAL.**
  Where the issues in a cause which has been placed on the special-term calendar, and noticed for trial, are sent to the trial term, under the provisions of Code Civ. Proc. § 970, and the cause placed on the preferred calendar, no new notice of trial is required at the trial term.

**6. SAME—JUDGMENT.**
  Where a verdict in a partition suit is certified by the clerk of the trial term to the special term, an application may be made on such verdict for an interlocutory judgment, as provided by Code, § 546, and a judgment of actual partition or sale, or partition and sale, may be entered, as the facts of the case may warrant.

**7. SAME.**
  A partition suit cannot be placed on the general trial term calendar, and is properly placed on the preferred calendar, and brought to trial at the trial term, when a proper order is made sending the issues to the trial term to be tried.

Appeal from special term, New York county.

Partition by Louis V. Southack against the Central Trust Company of New York and others. From an order granting motion to strike case from the calendar, plaintiff appeals. Affirmed. See 70 N. Y. Supp. 334.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

F. Nevins, for appellant.
C. P. Moser, for respondents.

VAN BRUNT, P. J. The confusion in respect to the method of disposition of this case upon the calendar seems to have arisen from the fact that the counsel have apparently forgotten that an action in partition is one upon the equity side of the court, the judgments in which must be entered at the special term. It is true that either party may demand that all the issues in a partition action be tried by a jury, but that in no way affects the general character of the action. It follows, therefore, that such an action is properly placed upon the special-term calendar, and noticed for trial there.

A very brief consideration of the sections of the Code applicable to the method of trial in such an action will show what the future practice should be. Section 1544 of the Code is as follows:

"Sec. 544. An issue of fact joined in the action is triable by a jury. Unless the court directs the issues to be stated, as prescribed in section nine hundred and seventy of this act, the issues may be tried upon the pleadings."

And section 970 is as follows:

"Sec. 970. Where a party is entitled by the constitution or by express provision of law, to a trial by a jury, of one or more issues of fact, in an action not specified in section nine hundred and sixty-eight of this act, he may apply upon notice, to the court for an order, directing all the questions arising upon those issues, to be distinctly and plainly stated for trial accordingly. Upon the hearing of the application, the court must

cause the issues to the trial of which, by a jury, the party is entitled, to be distinctly and plainly stated. The subsequent proceedings are the same, as where questions arising upon the issues, are stated for trial by a jury, in a case where neither party can, as of right, require such a trial; except that the finding of the jury upon such questions so stated, is conclusive in the action unless the verdict is set aside, or a new trial is granted."

Consequently, when an action in partition is at issue, and has been placed upon the special-term calendar, and noticed for trial, either party, without waiting for the cause to be reached on the calendar, may, under section 970, apply to the court for an order settling the issues, and directing their trial by a jury at the trial term; or, when the case comes on for trial at the special term, a demand for a jury trial may be made, and the court at special term may then settle the issues, and send them into the trial term (which is the better practice), or may simply make an order directing that the issues raised by the pleadings be tried at trial term. When such an order is made, upon filing the certified copy of the same with the calendar clerk of the trial term, part 2, it is the duty of such clerk to put the case upon the preferred calendar, as provided for by rule 3 regulating the practice of the trial terms in this district; and the case, when reached upon this calendar, must then be tried, issues being framed by the trial court if they have not already been framed by the special term, and, upon a verdict being rendered upon such issues, the same must be certified by the clerk to the court at special term. No new notice of trial is necessary at the trial term, because, under section 970, as above seen, the proceedings, after making the order sending the issues to be tried at the trial term, are the same as when questions arising upon the issues are stated for trial by a jury, in a case where neither party can as of right require such a trial, except, etc. Section 823 of the Code is as follows:

"Sec. 823. Feigned issues have been abolished. In a case where neither party can, as of right, require a trial by jury of an issue of fact arising from the pleadings, is to be tried, an order for the trial thereof by a jury may be made, stating, distinctly and plainly, the questions of fact to be tried. Such an order is the only authority necessary for the trial."

—The last paragraph of which, as will be seen, provides that the order directing the trial of the issues by a jury is the only authority necessary for the trial.

The issues having been tried, and a verdict rendered, and such verdict having been duly certified to the court at special term, an application may be made upon such verdict for an interlocutory judgment, as provided for by section 1546 of the Code, and a judgment of actual partition or sale, or partition and sale, may be entered, as the facts of the case may warrant. An action in partition has no place upon the general trial-term calendar of the court, and is properly placed upon the preferred calendar, and brought to trial at the trial term whenever the proper order is made sending the issues to the trial term to be tried.

The order appealed from must be affirmed, but, under the circumstances, without costs. All concur.