LEVINE v. GOLDSMITH et al.

(Supreme Court, Appellate Division, First Department.　April 11, 1902.)

1. PARTITION—PROCEDURE—INTERLOCUTORY DECREE—INSUFFICIENT DECISION—
REFERENCE.

Where a decision in a partition suit tried without a jury, rendered without separate findings of fact or conclusions of law, did not definitely determine all the issues or the interests of the several parties, or adjudge costs, or decree whether a partition or sale should be had, or direct an interlocutory judgment, as required by Code Civ. Proc. §§ 1022, 1543, 1546, and upon such decision alone an order of reference was made to ascertain the matters which should have been ascertained by the decision, an interlocutory decree based on such decision and the referee's report could not stand; the proper authority for such decree being the decision alone, which was insufficient to sustain it.

2. SAME—REFERENCE.

Code Civ. Proc. § 1545, providing for an order of reference in a partition suit to ascertain the rights, shares, and interests of the parties in the property, being expressly confined to cases where defendant has defaulted or where a party is an infant, such an order of reference made in a suit in which there was neither default nor infant parties was unauthorized thereunder, and should be vacated.

3. SAME—REFERENCE—RENTS AND PROFITS—ACCOUNTING.

Under Code Civ. Proc. § 1589, authorizing the court in a partition suit to adjust, by judgment or otherwise, the rights of the parties arising out of the receipt by any of them of more than their just proportion of rents or profits; and section 1666, authorizing a joint tenant or tenant in common to maintain an action against his co-tenant to recover such excess of rents received by him above his share, there was no authority for a reference in a partition suit for the purpose of an accounting between the parties, where no rents had been received by either of them, but were in the hands of their agent.

4. SAME—MISTRIAL—LAPSE OF TIME—DISPOSITION ON APPEAL.

Where there was a mistrial in a partition suit, in that the decision was insufficient to sustain the interlocutory judgment, and an intermediate order of reference was unauthorized, though ordinarily on motion for new trial such a case may be referred back to the trial justice to make a proper decision on the evidence, yet, a year having intervened since the decision, the exceptions will be sustained, and the interlocutory judgment reversed, and the order of reference vacated.

Appeal from special term, New York county.

Suit by Julius Levine against Gustavus A. Goldsmith and others. From a judgment in favor of plaintiff (69 N. Y. Supp. 446), defendant Goldsmith appeals.　Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Edmond A. Wise, for appellant.

Elck John Ludvigh, for respondent.

LAUGHLIN, J.　This is an action for the partition of three parcels of land, each being two lots in width, and having upon it two apartment buildings.　The plaintiff alleges that he and the appellant are seised and possessed of the premises as tenants in common, each owning a one-half interest therein, subject to the contingent right of dower of their respective wives, who are the other defendants, and have not answered.　It is alleged in the complaint and

admitted by appellant's answer that the premises cannot be parti-tioned without great prejudice to the owners, and that all the parties are of full age, and own no other lands in common. The plaintiff demands judgment establishing the title and interest of the re-spective parties; that the premises be sold; that, after paying the costs and expenses and the value of the contingent rights of dower, adjusting the amount coming to plaintiff on account of rents and profits,—it being alleged that for a long period of time appellant has collected and retained the same,—the balance be divided equally between them. The appellant also expressly admits that they are seised and possessed of the premises, but he denies that their wives have any contingent interest therein, and also denies that he has collected and retained any of the rents and profits. He alleges that they purchased the premises as copartners; that they have become indebted in the course of their partnership business to various per-sons, in amounts aggregating more than $75,000; that the partner-ship is also indebted to the individual members thereof in various amounts for money loaned and advanced; that there has been no ac-counting or settlement of the copartnership affairs, either as to creditors or between themselves; that these matters are still open and unsettled; and judgment is demanded dismissing the complaint. By not denying the allegation of ownership as tenants in common, appellant has doubtless admitted it. Fleischmann v. Stern, 90 N. Y. 110.

The issues were tried at special term on the 22d and 23d days of October, 1900. A decision of the court, without findings of fact or conclusions of law, dated March 21, 1901, was made and filed by the justice presiding, in which it was held and decided that the action was "maintainable," and that the plaintiff was "entitled to the usual preliminary order of reference as to title, including a provision for an account"; and the grounds of the decision are therein stated to be that plaintiff and appellant intended to, and did, acquire, and still hold, the property as tenants in common, and not as partners, and that "there are no debts of any partnership between the plaintiff and the defendant Gustavus A. Goldsmith, and no debts relating to any of the property sought to be partitioned herein, except mortga-ges upon the said real estate; that all of the parties interested are before the court, and a statement of account in relation to the ex-penses and profits or rentals of said property would cover the whole matter in controversy between the parties." This is the substance of all the material parts of the decision.

The learned trial justice received evidence upon all the issues, and in his opinion states that the parties are copartners in the manage-ment of the property, including maintenance, repairs, and other ex-penses, and in the income; but he failed to so state in the decision. The decision does not definitely determine all the issues, or the rights, shares, or interests of the several parties, or award or deny costs, or decree whether a partition or sale shall be had, or direct an inter-locutory judgment, as required by the provisions of the Code. Code Civ. Proc. §§ 1022, 1543, 1546. The appellant duly filed exceptions to the decision upon these and other grounds. On the 22d day of

March, 1901, upon this decision alone an order of reference was made
at the same special term presided over by the justice who tried the
issues, appointing a referee to take proof, among other things, of
the title and interest of the respective parties; what share or part
thereof belongs to each; whether the property, or any part thereof,
is so circumstanced that it cannot be partitioned; to take and state
the account of the parties with respect to receipts from, and dis-
bursements necessarily incurred in, the management and leasing of
the premises, showing the amount due from each to the other; and
to report "on any and all personal property and assets in connection
with the subject-matter of this action, to wit, the property described
in the complaint, together with his opinion as to a division thereof
among the parties herein." It is stated that appellant appealed from
this order, and that his appeal was dismissed, but this is not shown
by the record. It appears, however, that his right to appeal from
the order, and to object to the regularity and validity thereof, and
of the proceeding before the referee, was attempted to be preserved
as far as possible by a special appearance by stipulations, and by ob-
jections taken to the proceedings and to the evidence. The referee
made his report on the 18th day of May, 1901, setting forth the liens
and leases and findings; that the interests of the parties were as
alleged in the complaint; that partition was impracticable, and the
sale should be by parcels; that there was a surplus fund of $2,796.16
income from said premises, part of which was deposited in a bank,
and the balance in the hands of an agent of the parties; that there
was owing for accrued, uncollected rents the sum of $440; that there
was also personal property, consisting of carpets, mirrors, chande-
liers, and gas fixtures, worth $880, a number of window shades, and
a quantity of coal, in all of which each of the parties was entitled
to a one-half interest; and he recommended that this personal prop-
erty, other than the coal, be sold at public auction, and the pro-
ceeds divided equally between them. The appellant also filed specific
objections to all material parts of this report. On the 17th day of
June, 1901, an order was made dispensing with a reference to ascer-
tain liens and advertising therefor; and upon the same day plain-
tiff's attorney noticed a motion, upon all the papers and prior pro-
ceedings, for an order overruling appellant's exceptions, confirming
the referee's report, and for an interlocutory judgment of partition
and sale. This motion was heard at special term, part 3, on the
27th day of August, 1901, which was not presided over by the justice
who tried the issues, and the motion was granted. The interlocutory
judgment, in addition to confirming the report of the referee, spe-
cifically found and adjudged all the material provisions thereof, and
directed a sale of both the real and personal property as recommend-
ed by the referee.

This is valuable property, the original purchase price by the par-
ties being $165,000. While title was taken in the name of the par-
ties individually, and each contributed one-half the purchase price,
it appears to have been handled by them from the start in the firm
name of Goldsmith & Levine, and books of account and bank ac-
counts covering its entire management were likewise so kept. They

are indebted to third parties and to each other in considerable amounts on account of the management of the property, which they have apparently, at least, conducted as copartners. If there was a partnership as to the management, but not as to the purchase and ownership, of this real estate, then, clearly, the accounting as to rents and profits and the division of the other personal property should be left to be adjusted in an appropriate action for the dissolution of the copartnership, when the existence or nonexistence of copartnership debts may properly be determined. Furthermore, it appears that subsequent to the commencement of this action the defendant brought suit against the plaintiff for the dissolution of the copartnership and for an accounting, which action is now pending. It is important to both parties that the title to this real estate should not be affected injuriously by any irregular or unauthorized practice or proceeding in this action. The appellant contends and the respondent concedes that the decision made upon the trial of the issues does not authorize an interlocutory judgment. The respondent contends that the court at special term was authorized, upon his motion, and upon the facts found by the decision and by the report of the referee, to formulate and enter the interlocutory judgment. We do not agree with this contention. The authority for the interlocutory judgment must be found in the decision of the court made upon the trial of the issues. Association v. Mittnacht, 62 App. Div. 425, 70 N. Y. Supp. 1098; Reynolds v. Insurance Co., 6 App. Div. 254, 39 N. Y. Supp. 885; Foley v. Foley, 15 App. Div. 276, 44 N. Y. Supp. 588; Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992; Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304; Newman v. Mayer, 52 App. Div. 209, 65 N. Y. Supp. 294; Osborne v. Heyward, 40 App. Div. 78, 57 N. Y. Supp. 542. In partition, an order of reference as to the rights, shares, and interests of the several parties is only authorized where one of the parties is an infant, or application is made for judgment on default, which is not this case. Code Civ. Proc. § 1545, and rule 66, general rules of practice. Nor was the reference authorized even in so far as it required the taking of an account. It appeared on the trial that neither party had individually collected or received any rents or profits. Rich v. Rich, 50 Hun, 199, 2 N. Y. Supp. 770; Code Civ. Proc. §§ 1589, 1666. This was also found by the referee. In fact, no accounting has been or could be had, since the rents and profits are in the hands of third parties. There is no authority in the decision or elsewhere for requiring an accounting and division of the personal property owned by the parties in common. But aside from these considerations, the interlocutory judgment was not authorized by the decision, and it cannot stand. The issues of fact might have been tried before a jury (Code Civ. Proc. § 1544), but the parties saw fit to try them before the court. It thereupon became the duty of the court itself to decide the issues, and by its decision to award or deny costs, and, if it saw fit to allow costs, to designate the party to whom they were awarded, and authorize an interlocutory judgment declaring the right, share, or interest of each party in the property, as far as ascertained, and determining the rights of the parties therein (Code Civ. Proc. §§

1022, 1543, 1546; Association v. Mittnacht, supra, and other cases. cited with it).

Although there has been a mistrial (Reynolds v. Insurance Co., supra), and ordinarily in such case it might be referred back to the trial justice, to make a proper decision on the evidence (Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304; Newman v. Mayer, 52 App. Div. 209, 65 N. Y. Supp. 294), yet in this case, owing to the lapse of time, we think the exceptions should be sustained, the interlocutory judgment reversed, and the decision and order of reference vacated, and a new trial granted, with costs to defendant to abide the event. All concur.