(98 App. Div. 267)

## FAIRWEATHER v. BURLING.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. PARTITION—INFANTS—TRIAL—COMPULSORY REFERENCE.

Code Civ. Proc. § 1544, provides that an issue of fact raised in partition is triable by a jury. Section 1545 declares that where a defendant has made default, or where a party is an infant, the court must ascertain the rights and interests of the several parties in the property, by a reference or otherwise, before interlocutory judgment is rendered; and General Practice Rule 66 provides that if any of the defendants are infants, and the allegations of the complaint in respect to the rights of the several parties are "not denied or controverted," the Special Term may order a reference. *Held*, that where the defendant in partition was an infant, and filed an answer putting in issue the allegations of the complaint, it was error to direct a compulsory reference over plaintiff's objection.

Appeal from Special Term, Kings County.

Action by Eliza Fairweather against Catherine Hall Burling. From an order granting a compulsory reference, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Francis B. Mullin, for appellant.
F. Delysle Smith, for respondent.

HOOKER, J. This is an ordinary action of partition. The defendant is an infant, and puts in issue the allegation of the complaint

that the plaintiff is the owner of an interest in the premises described therein. The defendant moved at Special Term for a reference, and an order was granted referring the action to a referee to take proof of the title and interests of the respective parties, and of the counterclaim contained in the answer, and to ascertain and report who are the persons entitled to the premises. The order generally directed the reference to proceed in conformity with the usual practice of references in actions of partition where the parties are absentees, infants, or where defendant has made default in appearing or pleading. The plaintiff has appealed from the order of the learned Special Term, and we are persuaded that her appeal should prevail.

Section 1544 of the Code of Civil Procedure provides, in terms, that an issue of fact raised in a partition action is triable by a jury; and it is held that, by reason of this provision, a trial by jury of issues of fact joined in a partition action is a matter of right. Southack v. Central Trust Co., 62 App. Div. 260, 70 N. Y. Supp. 1122; Jones v. Jones, 120 N. Y. 589, 24 N. E. 1016. The defendant seeks to sustain the order upon the force of the provisions of section 1545 of the Code of Civil Procedure, which reads as follows:

"Where a defendant has made default in appearing or pleading, or where a party is an infant, the court must ascertain the rights, shares, and interests of the several parties in the property, by a reference or otherwise, before interlocutory judgment is rendered in the action."

At first blush it may appear as though the section was authority for the granting of such a motion over the objection of one of the parties, but it is not a reasonable construction of this section that the Legislature intended to allow infants to be deprived of the right of trial by jury guarantied by section 1544, or to compel other parties to forego that right upon the application of infant parties. The meaning of the section is that where no issues are raised the court must ascertain the rights, shares, and interests of the several parties in the property, where a party is an infant, by a reference or otherwise, before interlocutory judgment is rendered, and the same facts must be ascertained in the same manner where the defendant has made default in appearing or pleading. Rule 66 of the general rules of practice, which has the force of statute, it is clear, was enacted in furtherance of the provisions of section 1545 of the Code; and that rule provides that if any of the defendants are infants, and the allegations of the complaint in respect to the rights and interests of the several parties are not denied or controverted, the Special Term may make an order of reference to take proof of the plaintiff's title and interests in the premises, and of the several matters set forth in the complaint, and ascertain and report the interests and rights of the several parties in the premises. The intent in enacting section 1545 of the Code was further to protect the rights of infants, of whose interests the court is always jealous; and, to that end, it is provided that the court, by one of its officers, acting as referee, shall yet determine the rights of the parties, where one of the parties is an infant, even though the pleadings raise no issue of fact. This is the only natural construction to be given to the section, and there being therein no language pointing to an intention of the Legislature to except these cases from the operation of the rule declared in section 1544,

that trial by jury is a matter of right, and there being no reason why, in the light of the practice of the courts and the rules of court, any such exception should be made, the interpretation must prevail, that, even where a party is an infant, trial by jury of issues raised in the pleadings is a matter of right, and a reference for that purpose cannot be ordered over the objection of one of the parties. Levine v. Goldsmith, 71 App. Div. 204, 209, 75 N. Y. Supp. 706, is not an authority to the contrary. In the course of the opinion it was said:

"In partition an order of reference as to the rights, shares, and interests of the several parties is only authorized where one of the parties is an infant, or application is made for judgment on default, which is not this case. Code Civ. Proc. § 1545, and rule 66, General Rules of Practice."

The question presented on this appeal was not before the court in the Levine Case, and the observation, which, to our mind, does not conflict with our views as to the interpretation of the section, was, in any event, obiter. From aught that appears, none of the parties in that case were infants. The parties saw fit to try the issues before the court, and the question here presented could not and did not enter into the decision in that case. The order should therefore be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.