(134 App. Div. 544.)

### CORBETT v. FLEMING et al.

(Supreme Court, Appellate Division, First Department. November 19, 1909.)

1. JURY (§ 28\*)—RIGHT TO JURY TRIAL—WAIVER—PARTITION PROCEEDINGS.

While, under Code Civ. Proc. § 1544, making issues of fact in partition triable by jury, either party may require a jury trial, they may waive such right and consent to a trial before the court or a referee.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 28.\*]

2. STIPULATIONS (§ 14\*)—OPERATION AND EFFECT—REFERENCE TO DETERMINE ISSUES.

Where defendants in partition defaulted, and plaintiff obtained an order of reference as to liens, etc., a stipulation between the parties, made after the proofs were taken before the referee, permitting defendants to answer, provided their appearance should be without prejudice to previous proceedings, in effect changed the reference from one merely to take proof to one to hear and determine the issues, so that his report of facts and conclusions of law would stand for the decision of the court and support an interlocutory judgment.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 14.\*]

3. PARTITION (§ 69\*)—REFERENCE—REPORT—EXCEPTIONS.

Exceptions will not lie to the report of a referee upon a reference as to liens, etc., in partition.

°[Ed. Note.—For other cases, see Partition, Dec. Dig. § 69.\*]

4. PARTITION (§§ 73, 95\*)—PROCEEDINGS—VACATING.

Upon a reference as to liens, etc., in partition, wherein an interlocutory judgment ordering a sale was entered upon the findings and conclusions of the referee, if plaintiff deemed himself entitled to a trial before, and a formal decision by, the court, she should have then raised the question, or appealed from the interlocutory judgment, and, not having objected to, appealed from, or moved to vacate the interlocutory judgment, but having permitted entry of final judgment under which the land was sold, cannot thereafter attack either the interlocutory or final judgment as not supported by a decision of the court.

[Ed. Note.—For other cases, see Partition, Dec. Dig. §§ 73, 95.\*]

Appeal from Trial Term, New York County.

Action by Josephine Corbett against Peter C. Fleming and others. From an order vacating proceedings in an action for partition, defendants appeal. Reversed, and motion to vacate denied.

See, also, 128 App. Div. 901, 112 N. Y. Supp. 1126.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Frederick B. Campbell, for appellants.

Irving Payne, for respondent.

SCOTT, J. I think that this order should be reversed. If there was any irregularity in the proceedings, the plaintiff, who now asks

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to vacate them, was directly and primarily responsible. The action is in partition. The defendants defaulted, and the plaintiff applied for and obtained the usual order of reference as to title, liens, etc. Code Civ. Proc. § 1545; General Rules of Practice, 66. After all the proofs had been taken before the referee, the defendants respondents were permitted to appear and answer; the stipulation allowing them to do so providing that such appearance should be without prejudice to previous proceedings. Issues of fact in an action for partition are triable, as of right, before a jury (section 1544, Code Civ. Proc.) ; but it is competent for the parties to consent to a trial before the court or before a referee. When issues had been raised in the present case, by the service of answers, either party might have stood upon his strict legal right and insisted upon a jury trial. They elected not to do this, but stipulated to proceed before the referee, who had already been appointed; for this was the effect of the stipulation that the appearance of respondents should be without prejudice to previous proceedings, which included the appointment of a referee. This in effect transformed the reference from one to take proof into one to hear and determine; for by consenting to go on before the referee, after issues had been raised, the parties by necessary implication submitted the issues to the determination of the referee. His report stated the facts found by him and his conclusions of law separately, as such a report should do, and although, perhaps, slightly informal, conformed in all essential particulars to the requirements of section 1022, Code of Civil Procedure.

I see no reason why this report did not stand for the decision of the court, and furnish a sufficient basis for the entry of the interlocutory judgment. It was so treated by the court and all the parties. If plaintiff deemed herself entitled to a trial before the court and a formal decision by it, she should have raised the question then, or by appeal from the interlocutory judgment. She did neither, but permitted the sale to go on, and consented to entry of final judgment, qualifying her consent only by the stipulation that it should not affect her right to appeal therefrom, or from the order overruling the exceptions to the referee's report. She contented herself with appealing from the order overruling the exceptions to the referee's report, an appeal which was necessarily futile, because the report was not one to which exceptions would lie. Winfield v. Stacom, 40 App. Div. 95, 57 N. Y. Supp. 563. If the plaintiff had appealed from the interlocutory judgment, she could have raised the question that it was unsupported by any decision of the court, and would have been successful (Levins v. Goldsmith, 71 App. Div. 204, 75 N. Y. Supp. 706), unless it had been held, for the reasons above stated, that the parties had in effect, by their action, transformed the reference on title into a reference to hear and determine.

That the plaintiff's attorney did not in fact enter the interlocutory judgment is unimportant. He neither objected to its entry, nor appealed from it, nor made a timely motion to vacate it. On the contrary, he recognized its regularity, and, without objection upon the score of irregularity, permitted a final judgment to be entered, and a

sale to be had under which a purchaser has acquired rights. In my opinion it is too late for plaintiff to attack either the interlocutory or the final judgment.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur. ·

---

### LARSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 24, 1909.)

1. MASTER AND SERVANT (§ 182*)—FELLOW SERVANTS—ACTS OF SUPERINTENDENCE.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

2. MASTER AND SERVANT (§ 182*)—FELLOW SERVANTS—DETAILS OF THE WORK.

To facilitate the work of removing old ties from an elevated structure, the foreman of a track gang directed employés to go down into the street, and as the ties were thrown down to remove them, and directed other employés to station themselves near the place to warn the public, and he himself stationed himself where he could see when the ties were to be thrown. The foreman gave a signal that all was clear as each tie was thrown down, and an employé, while in the act of removing a tie, was struck by a tie which was thrown on the signal of the foreman that all was clear. *Held*, that the foreman was performing a mere detail in the work of removing the ties, and was not exercising an act of superintendence, so as to render defendant liable under the employer's liability act (Consol. Laws, c. 31, §§ 200–204).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 371, 372; Dec. Dig. § 182.*]

3. MASTER AND SERVANT (§ 190*)—FELLOW SERVANTS—COMMON-LAW LIABILITY.

Such facts were insufficient to place on defendant any common-law liability for the negligence of the foreman.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

4. PLEADING (§ 36*)—ADMISSIONS—CONSTRUCTION.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 82; Dec. Dig. § 36.*]

Miller, J., dissenting.

Appeal from Trial Term, Kings County.