### CORBETT v. FLEMING et al.

(Supreme Court, Special Term, New York County. April 2, 1910.)

PARTITION (§ 109*)—SALE—LIABILITY OF PURCHASER—INTEREST AND TAXES.

The purchaser at partition sale, not having applied to be relieved from his bid, but electing to insist on his contract of purchase, can be relieved from payment of no taxes which became a lien on the property after the sale, the contract providing only for allowance to him for taxes which were a lien at the time of the sale, and, having failed to pay the purchase money at the time provided in the contract, must pay interest thereon from such time, though on the day fixed by the contract for closing the title he was told that plaintiff in partition intended to take an appeal, and plaintiff did take an appeal, which, however, affected only the distribution of the proceeds of the sale, and though several months later said plaintiff procured an order setting aside proceedings including the sale, which remained in force till reversed.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 109.*]

Action by Josephine Corbett against Peter C. Fleming and others. Plaintiff makes a certain motion. Motion disposed of.

See, also, 134 App. Div. 544, 119 N. Y. Supp. 543.

James A. Deering (Irving Paine, of counsel), for plaintiff.

Wallace, Butler & Brown (J. Edwards Wyckoff and Henry E. Curtiss, of counsel), for defendants Fleming and for purchaser.

GIEGERICH, J. This is a motion made by the plaintiff in a partition action for an order instructing the referee to deliver to the purchaser of the property partitioned a deed therefor upon payment by the purchaser to the referee of the sum of $11,700, the unpaid part of the purchase price, as provided in the memorandum of sale, together with interest on that sum from January 12, 1909, and further instructing the referee not to pay from the proceeds of sale any taxes, which were not a lien upon the premises at the date of the sale, which took place on December 1, 1908. On the 12th day of January, 1909, the date fixed in the terms of sale for the closing of title, the parties met before the referee, and the purchaser's attorney was told by the plaintiff's attorney that the plaintiff intended to appeal to the Court of Appeals from the final judgment in the action. It is stated in the moving affidavit, without contradiction, however, that the questions raised by such appeal affected only the distribution of the proceeds of sale, and did not in any sense affect the title of the purchaser.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The precise nature of the questions raised by the plaintiff's exceptions and by the appeal which he intended to take, and subsequently did take, does not appear from any papers before me on this motion; but, in view of the statement just referred to, it must be taken as established that all the necessary parties to the action were brought in, and that there was no defense to the maintenance of the partition action, and that the only question in controversy was the manner in which the proceeds of sale should be distributed among the parties. Under such circumstances, it would seem plain that the title tendered the purchaser was good, and could not be affected by the proposed appeal. Subsequently, however, and on the 28th day of July, 1909, the plaintiff procured an order at Special Term vacating and setting aside the order confirming the referee's report and the interlocutory judgment and the final judgment and all proceedings subsequent to the hearing of the action, including the sale of the premises by the referee, and directing that the referee restore to the purchaser of the premises the moneys paid to and received by the referee to apply on the purchase price, with all accrued interest on the sum so paid. This order was in effect from the 12th day of July, 1909, until reversed by the Appellate Division by an order entered on the 19th day of November, 1909 (134 App. Div. 544, 119 N. Y. Supp. 543), since which time the matter has been in controversy between the attorney for the plaintiff and the purchaser; the points of dispute being whether the purchaser should pay interest on the balance of the purchase price from the date originally fixed for closing, which interest, up to the date of the motion, amounted to $741, and whether he should be allowed for the taxes for the year 1909, amounting to $218.15, which taxes have become a lien on the premises since the original date fixed for closing. It further appears without contradiction that the premises were in such a dilapidated condition that the receiver appointed to collect the rents was unable to obtain any income whatever, and finally applied to the court to be relieved of his trust, which motion was granted. It also appears without contradiction that since December 1, 1908, the date when the sale took place, the premises have increased in value until they are now worth $17,000.

Upon all the facts shown I am of the opinion that the purchaser should be required to pay interest upon the balance of the purchase price, and that he should not be allowed for the taxes that have accrued. According to the terms of sale which he signed he agreed to pay the balance of the purchase price on the 12th day of January, 1909, and the only taxes which were to be allowed, according to the express language of the terms of sale, were such as at the time of the sale were liens upon the premises. Such was the contract which the purchaser made with the referee. If at any time he was dissatisfied with the situation, or the course that matters were taking, he might have moved to be relieved of his bid and to obtain back the 10 per cent. deposit he had made; but inasmuch as he has not made such application, but has elected to insist upon his contract of purchase, he must take that contract as it stands, and a necessary incident of his failure to pay the money at the time agreed is the payment of

interest for the elapsed interval. If there have been any rents or value of the use and occupation of the property during this interval, the purchaser should of course be credited therewith.

Motion disposed of as indicated, with $10 costs to the plaintiff.