(81 Misc. Rep. 290.)

### MESNIG v. MESNIG et al.

(Supreme Court, Special Term, Albany County. June, 1913.)

PARTITION (§ 53*)—RECEIVERS—APPLICATION FOR INSTRUCTIONS.

Where, in partition, on application of receiver of rents and income for instructions as to whether he should sue plaintiff for rent of one of the parcels involved, or to obtain possession on her refusal, the evidence did not show whether plaintiff, in possession when the receiver was appointed, was liable for the rent, and there was no proof as to the value of the use and occupation, and in a few days, under a stipulation, judgment in the action might be rendered, if an agreement as to the rent was not reached, the application will be denied.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 147; Dec. Dig. § 53.*]

Action by Catherine Mesnig against Frederick S. Mesnig and others. On application for instructions to receiver. Application denied.

Holmes & Bryan, of Troy, for receiver.
F. E. McDuffee, for Catherine Mesnig.

CHESTER, J. The petitioner, James W. Smith, is the duly appointed receiver of the rents and income of the real property involved in this action, which is one for the partition of the same. The plain-

tiff, as has been stipulated by the parties, is entitled to dower in the property, and besides is one of four tenants in common thereof, each owning an undivided one-fourth part subject to such dower. The property sought to be partitioned consists of several different pieces, and the plaintiff and her minor son, Joseph Mesnig, who lives with her, are residing in one of the pieces, namely, the residence of her late husband, situate at No. 172 First street, in Troy. Such son is also one of said tenants in common. The other tenants in common are George L. Mesnig and Frederick S. Mesnig, two sons of the plaintiff's deceased husband by a former marriage.

The receiver was appointed January 16, 1913, and thereafter he made a demand in writing upon the plaintiff that she pay him rent at the rate of $50 a month for the premises occupied by her, and if she did not desire to pay rent he demanded from her immediate possession of such premises. She has nevertheless neither paid him rent nor surrendered the possession of the premises to him. The receiver asks for instructions as to his duty in the premises, and as to whether he shall bring suit to collect rent or to obtain possession of the premises in case of her failure to pay.

It appears that there is a stipulation between the parties that unless they agree among themselves on or before the 1st day of July, 1913, in regard to a sale of the property either to third persons or to each other, judgment of sale and partition of the proceeds shall be entered and the sale be enforced in the usual way. At the time of the appointment of the receiver the plaintiff was in possession of the house she occupies as a tenant in common, and if there was no agreement or understanding that she should pay rent therefor her possession was of course, under the law, the possession of each of the other tenants in common, and she would not be accountable to pay rent therefor up to that time. Rich v. Rich, 50 Hun, 199, 2 N. Y. Supp. 770; McCabe v. McCabe, 18 Hun, 153; Le Barron v. Babcock, 122 N. Y. 153, 25 N. E. 253, 9 L. R. A. 625, 19 Am. St. Rep. 488; Valentine v. Healey, 178 N. Y. 391, 70 N. E. 913.

But the receiver alleges, on information and belief, in his petition for instructions, that the said Catherine Mesnig and George L. Mesnig and Frederick S. Mesnig, before his appointment, had some agreement or understanding between themselves concerning the payment of rent at the rate of $50 per month, which rent the books show was charged to her dower account, for the premises which she and her minor son, Joseph Mesnig, occupy. Her answer contains no denial of this allegation, yet the allegation is hardly sufficient, without proof of what, if any, agreement was had, upon which to base an order for instructions to the receiver or fixing the rights of the parties in this respect.

There is insufficient proof before me on this application to determine whether the plaintiff is liable for rent, or for the value of the use and occupation, since the appointment of the receiver. There is no proof as to the value of the use and occupation, and it is open to question as to what, if any, agreement there has been to pay rent. There remain but a few days before the arrival of the time when, under

the stipulation mentioned, judgment may be entered in the action if an agreement between the parties is not reached in the meantime, and, for that reason, I think it would be unwise to subject the parties or the estate to the expense of a suit against the plaintiff on the part of the receiver, either for rent, for the value of the use and occupation, or for the possession of the premises, because every question that could be determined in such a suit can be disposed of before the referee who will be named in the judgment, and the matter should be referred to such referee, when appointed, to take testimony and report to the court, with his opinion upon the question as to whether the plaintiff is liable for rent, or for the value of the use and occupation, of the house occupied by her, subsequent to the time when the receiver was appointed, to the end that any amount for which she may be found to be liable may be charged against her interest in the proceeds of the sale, providing the property is sold, or against any share which should be set off to her pursuant to an agreement between the parties.

For these reasons, no instructions should be given to the receiver to sue at this time.

Ordered accordingly.