Elvira Sinclair, Appellant, *v.* Lydia M. Purdy, Individually and as Administratrix, etc., of Elijah F. Purdy, Deceased, and Others, Respondents.

Elvira Sinclair, Appellant, *v.* Lydia M. Purdy, Individually and as Administratrix, etc., of Elijah F. Purdy, Deceased, and Others, Respondents, Impleaded with Jennie A. Mapes, Appellant, and Guy Daly and Others, Defendants.

First Department, February 4, 1921.

**Trial — action for partition — right of parties to have issues stated for trial by jury though case noticed for Equity Term — practice in First Judicial District.**

In an action for the partition of real property of a decedent the parties are entitled of right to have issues tried by a jury, though the case is properly noticed for trial at an Equity Term.

Where issues in a partition action in the First Judicial District are ordered to be tried by a jury, a certified copy of the order should be filed with the calendar clerk of the Trial Term, who must put the case on the calendar as provided by rule 5 of the Trial Term rules, and upon the verdict being rendered the same must be certified by the clerk to the court at Special Term.

An application may then be made at Special Term, Part III, for an interlocutory judgment and the court may then find the uncontroverted facts, together with the facts found by the jury, and make the conclusions of law thereon, and direct an interlocutory judgment to be entered pursuant to section 1546 of the Code of Civil Procedure.

No issue should be stated as to the wills involved in the action since their terms are plain and unambiguous, and the decrees admitting them to probate are conclusive in this action; the legal effect of the wills is for the court to determine and not the jury.

Appeal by the plaintiff, Elvira Sinclair, in the first entitled action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of November, 1920, denying plaintiff's motion for a jury trial of the issues raised by the pleadings.

Appeal by the plaintiff, Elvira Sinclair and by the defendant, Jennie A. Mapes, in the second entitled action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New

York on the 8th day of December, 1920, denying plaintiff's and said defendant's demand or motion for an order directing that the issues raised by the pleadings in said action be tried before a jury at a Trial Term.

*George W. Olvany* of counsel [*Henry A. Vieu*, attorney], for the plaintiff, appellant.

*Vincent S. Lippe*, for the defendant, appellant.

*George H. Corey*, for the respondents.

PAGE, J.:

The action is for the partition of certain real estate in the county of New York. Issue was joined by some of the defendants serving answers. Other defendants defaulted, and a guardian *ad litem* for infant defendants served the usual answer submitting their rights.

The case was noticed for trial by the plaintiff at Special Term, Part III. When the case was called for trial the attorney for the defendant Mapes requested an adjournment to enable him to apply at Special Term, Part I, for an order directing the issues to be tried by a jury, which was granted. Thereafter, the plaintiff moved at Special Term, Part I, for an order framing issues for trial by a jury. The motion was denied on the ground that the better practice, as stated in *Southack* v. *Central Trust Co.* (62 App. Div. 260), was to move at Special Term, Part III. The plaintiff then moved at Part III. The same justice who had heard the motion at Part I was presiding and denied the motion. The plaintiff appeals from this order. The case was subsequently called for trial, and the plaintiff and the defendant Mapes again moved for trial of the issues by a jury. The motions were denied upon the ground that the plaintiff had waived any right to a jury trial by noticing the case at an equity term, and that the counterclaim of the defendant Mapes raised purely equitable issues. The plaintiff and the defendant Mapes appeal from this order.

An action for partition is an equity action and the case was properly noticed for trial at Special Term, Part III. Section 1544 of the Code of Civil Procedure, which relates to actions for partition, provides: "An issue of fact joined in the action

is triable by a jury. Unless the court directs the issues to be stated, as prescribed in section 970 of this act, the issues may be tried upon the pleadings."

Section 970 provides: " Where a party is entitled by the Constitution, or by express provision of law, to a trial by a jury, of one or more issues of fact, in an action not specified in section nine hundred and sixty-eight of this act, he may apply, upon notice, to the court for an order, directing all the questions arising upon those issues, to be distinctly and plainly stated for trial accordingly. Upon the hearing of the application, the court must cause the issues, to the trial of which by a jury the party is entitled, to be distinctly and plainly stated. The subsequent proceedings are the same, as where questions arising upon the issues, are stated for trial by a jury, in a case where neither party can, as of right, require such a trial; except that the finding of the jury upon such questions so stated, is conclusive in the action unless the verdict is set aside, or a new trial is granted."

A certified copy of the order for the trial of the issues should be filed with the calendar clerk of Trial Term. It is the duty of such clerk to put the case upon the calendar as provided for by rule 5 regulating the practice of Trial Terms of the Supreme Court in the First Judicial District in New York county. Upon the verdict being rendered upon such issues the same must be certified by the clerk to the court at Special Term. Whereupon an application may be made at Special Term, Part III, for an interlocutory judgment. The court may then find the uncontroverted facts, together with the facts found by the jury, and make the conclusions of law thereon and direct an interlocutory judgment to be entered pursuant to section 1546 of the Code of Civil Procedure. (*Southack* v. *Central Trust Co.,* 62 App. Div. 260.)

In framing the issues to be tried, no issue should be stated with reference to the wills of Elijah F. Purdy or of Elvira Purdy. The wills are plain and unambiguous. They have been admitted to probate by the Surrogate's Court having jurisdiction, and the decrees admitting them to probate are conclusive in this action. (*Wadsworth* v. *Hinchcliff,* 218 N. Y. 589.) The legal effect of the provisions of these wills is for the court at Special Term, and not for a jury to determine.

The orders will be reversed, with ten dollars costs and disbursements to the appellants in each case, and the cases remitted to Special Term to make a proper order framing the issues to be submitted to the jury.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, and cases remitted to the Special Term to make a proper order framing the issues to be submitted to the jury.